IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



ORIGINAL
U.S. DISTRICT COURT
2007 AUG -3 AM 10: 56
TEXAS-EASTERN
BY_____

| | | |
|---|---|---|
| CHRISTOPHER D. WRIGHT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civ. A. No.: 4:07 CV369 |
| | § | 4011 |
| JUDSON T. WEAVER and | § | |
| JOE K. WEAVER | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

In this diversity suit, Plaintiff Christopher D. Wright sues Defendant Judson Talbert Weaver under Texas state law for an assault and battery in Sulphur Springs, Texas, on March 7, 2007. Wright also sues Defendant Joe Kenneth Weaver, Judson's father, for negligently entrusting his son with his white GMC Yukon SUV. Judson used the SUV to assault Wright.

### I. Parties

1.   Plaintiff Christopher D. Wright is an adult individual who is a citizen of the United States and who has his domicile in Oklahoma City, Oklahoma. He is, thus, a citizen of the U.S. and of Oklahoma.[1] He works for the Union Pacific railroad there.

2.   Defendant Judson Talbert Weaver is an adult individual who is a U.S. citizen and who has his domicile at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-9705. He is, thus, a citizen of both the U.S. and of Texas. He is the son of Defendant Joe

---

[1] *See Coury v. Prot*, 85 F.3d 244, 247-48 (5th Cir. 1996).

K. Weaver. Judson may be served by delivering the summons and a copy of this complaint to Judson Weaver personally, by leaving copies at his usual dwelling at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-9705 or by mailing copies to his Sulphur Springs address by registered or certified mail, return receipt requested.[2]

3.   Defendant Joe Kenneth Weaver is an adult individual who is a U.S. citizen and who has his domicile at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-6877. He is, thus, a citizen of the U.S. and of Texas. He is Judson Weaver's father. Joe Weaver may be served by delivering the summons and a copy of this complaint to Joe personally, by leaving copies at his usual dwelling at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-6877, or by mailing copies to his Sulphur Springs address by registered or certified mail, return receipt requested.

## II. Jurisdiction and Venue

4.   All parties are U.S. citizens; Christopher Wright is a citizen of Oklahoma; Judson Weaver and Joe Weaver are citizens of Texas; and the amount in controversy here exceeds $75,000, exclusive of costs and interest. The plaintiff's citizenship is completely diverse from the defendants', and the minimum amount-in-controversy requirement is met. Thus, this Court has diversity jurisdiction over this suit.[3]

5.   Because all defendants reside in this district and because a significant portion of the events giving rise to Wright's claims against the Weavers occurred within

---

[2] See Fed. R. Civ. P. 4; Tex. R. Civ. P. 106.

[3] See U.S. Const. art. III, § 2; 28 U.S.C. § 1332(a)(1).

this district, venue is proper in this district.[4] Also, Sulphur Springs is in Hopkins County, Texas, which is in the Sherman Division.

### III. Background Facts

6. In March 2007, Joe Weaver owned a white GMC Yukon, Texas license plate 116 BWY (the "SUV" or the "Yukon"). Joe Weaver maintained the required motor vehicle liability insurance on the SUV.[5]

7. On March 6–7, 2007, Joe Weaver entrusted his Yukon to his son, Judson Weaver—despite Judson's criminal record. Alternatively, Joe Weaver had entrusted his Yukon to his son on occasions before March 6 and generally permitted him access to the Yukon whenever Judson wanted to drive it. Judson borrowed the Yukon on March 7, 2007, and Joe Weaver did not object.

8. On or about March 7, 2007, 25-year-old Judson Weaver, Chris Wright, Sara Ashley, and others were in the parking lot of the Days Inn in Sulphur Springs, Texas. While sitting in a white GMC Yukon SUV, Weaver spit in Wright's face. When Wright reacted, Weaver accelerated across the parking lot with Wright's upper body and arms in the vehicle. After about 170 feet, Weaver apparently hit a curb, and Wright fell off. His face hit the pavement or curb—seriously injuring the skin, bones, teeth, and muscle structure of Wright's face and mouth. He has undergone hours of painful reconstructive surgery and dental work. In addition, Wright reasonably feared for his life and limbs when Weaver accelerated 170 feet across the parking lot with Wright's head

---

[4] *See* 28 U.S.C. § 1391(a).

[5] *See* Tex. Transp. Code §§ 601.071, 601.072, 601.073, 601.076, 601.081.

and shoulders inside the SUV. Wright has also missed approximately two months of work as a result of these events.

9. On June 12, 2007, a Hopkins County grand jury indicted Judson Weaver for assault with a deadly weapon (the SUV) and failing to stop and render assistance.

10. As a result of these events, Chris Wright suffered personal-injury damages as generally outlined in PJC 8.2 of the Texas Pattern Jury Charges, including physical pain and mental anguish, loss of earnings, disfigurement, and medical-care, surgical, and dental expenses. In all reasonable probability, Chris Wright will continue to suffer physical pain, mental anguish, disfigurement, and medical-care, surgical, and dental expenses in the future as well. In addition to the damages listed in PJC 8.2, Wright also suffered the offense resulting from Weaver's spitting in his face and the reasonable fear and apprehension for his life and limbs when Weaver accelerated 170 feet across the parking lot with his head and shoulders inside the SUV. The damages in this paragraph and those in paragraph 8 are collectively the "relevant damages."

## IV. Claims

### A. Battery and Assault (Judson Weaver)

11. As paragraph 8 discussed, Judson Weaver twice battered Chris Wright on or about March 7, 2007, by offensive and by harmful contact. Weaver made offensive contact by spitting in Wright's face when he knew or should have reasonably believed that Wright would find this offensive or provocative. Weaver made harmful conduct by intentionally driving over 170 feet when Wright's head and shoulders were in the SUV, hitting a curb, and knocking Wright off. Alternatively, Weaver recklessly drove with Wright's head and shoulders in the SUV and was aware of but consciously disregarded

the risks associated with driving with a person stuck part way in an SUV and hitting a curb. That is, Weaver knew or had reason to know of facts that created a high degree of risk of physical harm to Wright and deliberately proceeded to drive and accelerate the SUV in conscious disregard or indifference to the risks to Wright.

12. As paragraphs 8 and 11 discussed, Judson Weaver also assaulted Chris Wright on or about March 7, 2007, by accelerating 170 feet across the parking lot with Wright's head and shoulders inside the SUV and intending to cause a harmful contact with Wright or an imminent apprehension of such a contact and thereby actually causing Wright to apprehend and fear that he was about to be killed or seriously injured.

### C. Negligent Entrustment (Joe Weaver)

13. Before March 2007, Judson Weaver had at least one misdemeanor conviction, one deferred misdemeanor offense, one deferred adjudication for a separate misdemeanor, and another dismissed misdemeanor charge. Before March 2007, Judson Weaver was on probation.

14. Between March 5 and 9, 2007, Joe Weaver owned the Yukon. He also entrusted the Yukon to Judson Weaver on March 7. Alternatively, Joe Weaver allowed Judson Weaver access to the Yukon, and Judson borrowed it without objection from Joe on March 7. Judson Weaver was an incompetent or reckless driver, and Joe Weaver knew or should have known this. Driving or using the Yukon, Judson Weaver intentionally or recklessly assaulted Chris Wright on or about March 7. And Weaver's assault proximately caused Wright's relevant damages.

### V. Prayer for Relief and Jury Demand

15. Wright thus asks the Court to—

      a.    enter judgment against Judson Weaver and Joe Weaver on his claims;

      b.    award full compensatory and punitive damages;

      c.    award costs;

      d.    award pre- and post-judgment interest at the maximum legal rates; and

      e.    award any other proper legal and equitable relief.

16.    Under Rule 38, Chris Wright requests a trial by jury on all issues so triable.

Respectfully submitted,

**PEZZULLI KINSER, L.L.P.**

_/s/ Michael F. Pezzulli_
Michael F. Pezzulli
State Bar No. 15881900
Christopher L. Barnes
State Bar No. 00792175
17304 Preston Road, Suite 700
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 fax

**ATTORNEYS FOR PLAINTIFF**