IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. WRIGHT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civ. A. No.: <u>4:07-cv-369</u> |
| | § | |
| | § | |
| JUDSON T. WEAVER, | § | |
| JOE K. WEAVER, BRIGHT STAR | § | |
| HOSPITALITY, INC., DAYS INN, | § | |
| VAMSIKRISHNA KAMIREDDY, SSR | § | |
| CORP and C&S HOSPITALITY, INC. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

In this diversity suit, Plaintiff Christopher D. Wright sues Defendant Judson Talbert Weaver under Texas state law for an assault and battery in Sulphur Springs, Texas, on March 7, 2007.  Alternatively, Wright sues Judson Weaver for negligence. Wright also sues Defendant Joe Kenneth Weaver, Judson's father, for negligently entrusting his son with his white GMC Yukon SUV.  Judson used the SUV to assault Wright.  Wright also sues the Star Bright Club (in its assumed or common name) and its owners for failing to have adequate security to protect Chris Wright and others from known risks of its patron's past aggressive behavior and failing to properly train and supervise its employees to deal with aggressive patrons.

## I. Parties

1.      Plaintiff Christopher D. Wright is an adult individual who is a citizen of the United States and who has his domicile in Oklahoma City, Oklahoma.  He is, thus, a citizen of the U.S. and of Oklahoma.[1]  He works for the Union Pacific railroad there.

2.      Defendant Judson Talbert Weaver is an adult individual who is a U.S. citizen and who has his domicile at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-9705.  He is, thus, a citizen of both the U.S. and of Texas.  He is the son of Defendant Joe K. Weaver.  Judson may be served by delivering the summons and a copy of this complaint to Judson Weaver personally, by leaving copies at his usual dwelling at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-9705 or by mailing copies to his Sulphur Springs address by registered or certified mail, return receipt requested.[2]

3.      Defendant Joe Kenneth Weaver is an adult individual who is a U.S. citizen and who has his domicile at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-6877.  He is, thus, a citizen of the U.S. and of Texas.  He is Judson Weaver's father.  Joe Weaver may be served by delivering the summons and a copy of this complaint to Joe personally, by leaving copies at his usual dwelling at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-6877, or by mailing copies to his Sulphur Springs address by registered or certified mail, return receipt requested.

4.      Defendant Bright Star Hospitality, Inc., a Texas corporation, is an artificial entity that may be served process by serving its registered agent for service of process at Sucha S. Dhillon, 1495 E. Industrial Dr., Sulphur Springs, Texas 75482-3030.   On

---

[1] *See Coury v. Prot*, 85 F.3d 244, 247-48 (5th Cir. 1996).

[2] *See* Fed. R. Civ. P. 4; Tex. R. Civ. P. 106.

information and belief, Bright Star Hospitality, Inc. is incorporated under the laws of Texas with its principal place of business in Texas, and, thus, is a citizen of the state of Texas for purposes of diversity jurisdiction.  On information and belief, Bright Star Hospitality, Inc. is an owner or operator of the Bright Star Club and the Days Inn.

5.      Defendant C&S Hospitality, Inc., a Texas corporation, is an artificial entity that may be served process by serving its registered agent for service of process at Charles Helm, 1521 Shannon Rd., Sulphur Springs, Texas 75482.  On information and belief, C&S Hospitality is incorporated under the laws of Texas with its principal place of business in Texas, and, thus, is a citizen of the state of Texas for purposes of diversity jurisdiction.  On information and belief, C&S Hospitality, Inc. is an owner or operator of the Bright Star Club and the Days Inn.

6.      Defendant Days Inn, a Texas corporation, is an artificial entity that may be served process by serving its registered agent for service of process at Harry Cheema, 1495 E. Industrial Dr., Sulphur Springs, Texas 75482-3030.  On information and belief, Defendant Days Inn is incorporated under the laws of Texas with its principal place of business in Texas, and, thus, is a citizen of the state of Texas for purposes of diversity jurisdiction.  On information and belief, Defendant Days Inn is an owner and operator of the Bright Star Club and the Days Inn.

7.      On information and belief, Defendant SSR Corp, a Texas corporation, is an artificial entity that may be served process by serving its registered agent for service of process at Sucha S. Dhillon, 1495 E. Industrial Dr., Sulphur Springs, Texas 75482-3030. On information and belief, Defendant Days Inn is an owner and operator of the Bright Star Club and the Days Inn.

8.      On information and belief, Defendant Vamsikrishna Kamireddy is an adult individual who is a U.S. citizen and who has his domicile at 125 Park Ave., Hicksville, New York, 11801-3143.   He is, thus, a citizen of the U.S. and of New York. Vamsikrishna Kamireddy may be served by delivering the summons and a copy of this complaint to Vamsikrishna Kamireddy personally, by leaving copies at his usual dwelling at 125 Park Ave., Hicksville, New York, 11801-3143, or by mailing copies to his New York address by registered or certified mail, return receipt requested. On information and belief, Vamsikrishna Kamireddy is an owner and operator of the Bright Star Club and the Days Inn.

9.      On information and belief, the defendants listed in paragraphs four through eight are owners and occupiers—or predecessor or successor owners and occupiers—of the Days Inn and the Bright Star Club, located at 1495 E. Industrial Dr., Sulphur Springs, Texas 75482-3030.  These Defendants are collectively referred to as the "Bright Start" Defendants.

## II. Jurisdiction and Venue

10.     All parties are U.S. citizens; Christopher Wright is a citizen of Oklahoma; Judson Weaver, Joe Weaver and the corporate defendants are citizens of Texas; Vamsikrishna Kamireddy is a citizen of New York; and the amount in controversy here exceeds $75,000, exclusive of costs and interest.  The plaintiff's citizenship is completely diverse from the defendants', and the minimum amount-in-controversy requirement is met.  Thus, this Court has diversity jurisdiction over this suit.[3]

---

[3] *See* U.S. Const. art. III, § 2; 28 U.S.C. § 1332(a)(1).

11.     Because most of the defendants reside in this district and because a significant portion of the events giving rise to Wright's claims occurred within this district, venue is proper in this district.[4]  Also, Sulphur Springs is in Hopkins County, Texas, which is in the Sherman Division.

### III. Background Facts

12.     In March 2007, Joe Weaver owned a white GMC Yukon, Texas license plate 116 BWY (the "SUV" or the "Yukon").  Joe Weaver maintained the required motor vehicle liability insurance on the SUV.[5]

13.     On March 6–7, 2007, Joe Weaver entrusted his Yukon to his son, Judson Weaver—despite Judson's criminal record.  Alternatively, Joe Weaver had entrusted his Yukon to his son on occasions before March 6 and generally permitted him access to the Yukon whenever Judson wanted to drive it.  Judson borrowed the Yukon on March 7, 2007, and Joe Weaver did not object.

14.     On or about March 7, 2007, 25-year-old Judson Weaver, Chris Wright, Sara Ashley, and others were in the parking lot of the Days Inn and the Bright Star Club—just after the bar closed—in Sulphur Springs, Texas.  The Bright Star Club didn't have any security on the premises that night and had an inadequate staff to control its bar patrons in the event its patrons became aggressive.  Also, the Bright Star Club unreasonably failed to provide the staff that was on duty that night with adequate training to deal with aggressive bar patrons.  Moreover, Judson Weaver was intoxicated.

---

[4] *See* 28 U.S.C. § 1391(a).

[5] *See* Tex. Transp. Code §§ 601.071, 601.072, 601.073, 601.076, 601.081.

15.     While sitting in a white GMC Yukon SUV, Weaver spit in Wright's face. When Wright reacted, Weaver accelerated across the parking lot with Wright's upper body and arms in the vehicle.  After about 170 feet, Weaver apparently hit a curb, and Wright fell off.  His face hit the pavement or curb—seriously injuring the skin, bones, teeth, and muscle structure of Wright's face and mouth.  He has undergone hours of painful reconstructive surgery and dental work.  In addition, Wright reasonably feared for his life and limbs when Weaver accelerated 170 feet across the parking lot with Wright's head and shoulders inside the SUV.  Wright has also missed approximately two months of work as a result of these events.

16.     On June 12, 2007, a Hopkins County grand jury indicted Judson Weaver for assault with a deadly weapon (the SUV) and failing to stop and render assistance.

17.     As a result of these events, Chris Wright suffered personal-injury damages as generally outlined in PJC 8.2 of the Texas Pattern Jury Charges, including physical pain and mental anguish, loss of earnings, disfigurement, and medical-care, surgical, and dental expenses.   In all reasonable probability, Chris Wright will continue to suffer physical pain, mental anguish, disfigurement, and medical-care, surgical, and dental expenses in the future as well.  In addition to the damages listed in PJC 8.2, Wright also suffered the offense resulting from Weaver's spitting in his face and the reasonable fear and apprehension for his life and limbs when Weaver accelerated 170 feet across the parking lot with his head and shoulders inside the SUV.  The damages in this paragraph and those in paragraph 8 are collectively the "relevant damages."

## IV.  Claims

### A.    Battery and Assault (Judson Weaver)

18.    As paragraph 15 discussed, Judson Weaver twice battered Chris Wright on or about March 7, 2007, by offensive and by harmful contact.  Weaver made offensive contact by spitting in Wright's face when he knew or should have reasonably believed that Wright would find this offensive or provocative.  Weaver made harmful conduct by intentionally driving over 170 feet when Wright's head and shoulders were in the SUV, hitting a curb, and knocking Wright off.  Alternatively, Weaver recklessly drove with Wright's head and shoulders in the SUV and was aware of but consciously disregarded the risks associated with driving with a person stuck part way in an SUV and hitting a curb.  That is, Weaver knew or had reason to know of facts that created a high degree of risk of physical harm to Wright and deliberately proceeded to drive and accelerate the SUV in conscious disregard or indifference to the risks to Wright.

19.    As paragraphs 14 and 15 discussed, Judson Weaver also assaulted Chris Wright on or about March 7, 2007, by accelerating 170 feet across the parking lot with Wright's head and shoulders inside the SUV and intending to cause a harmful contact with Wright or an imminent apprehension of such a contact and thereby actually causing Wright to apprehend and fear that he was about to be killed or seriously injured.

### B.    Alternative Negligence Claim (Judson Weaver)

20.    Although it would be implausible for Judson Weaver to assert that he was unaware of Wright's presence as he accelerated and drove 170 feet across the parking lot, to the extent he asserts and proves such a theory, then Weaver was at least negligent in the operation of his vehicle and this negligence proximately caused Wright's injuries.

C.      **Negligent Entrustment (Joe Weaver)**

21.      Before March 2007, Judson Weaver had at least one misdemeanor conviction, one deferred misdemeanor offense, one deferred adjudication for a separate misdemeanor, and another dismissed misdemeanor charge. Before March 2007, Judson Weaver was on probation.

22.      Between March 5 and 9, 2007, Joe Weaver owned the Yukon. He also entrusted the Yukon to Judson Weaver on March 7. Alternatively, Joe Weaver allowed Judson Weaver access to the Yukon, and Judson borrowed it without objection from Joe on March 7. Judson Weaver was an incompetent or reckless driver, and Joe Weaver knew or should have known this. Also, Joe Weaver had actual knowledge that Judson Weaver was drinking alcohol on the night in question and did not revoke his consent to Judson operating the vehicle. Driving or using the Yukon, Judson Weaver intentionally or recklessly assaulted Chris Wright on or about March 7. And Weaver's assault proximately caused Wright's relevant damages.

D.      **Negligence Failure to Provide Adequate Staff Training and Security (Bright Star Defendants)**

23.      Wright was an invitee at the Bright Star Club on March 7, 2007 when he was assaulted in the parking lot of the Bright Star Club. The Bright Star Defendants had a duty to use reasonable care to reduce or eliminate an unreasonable risk of harm to Wright and other patrons of the Bright Star Club. The Bright Star Defendants controlled the security and safety of its premises but failed to use reasonable care to protect Wright from the foreseeable risk that another patron like Judson Weaver might start a fight and injure Wright. The Bright Star Defendants unreasonably failed to hire and train sufficient staff to control unruly patrons. The Bright Star Defendants had a recent history of fights

and, rather than taking steps to make the premises more secure, it took steps to protect the unruly patrons who started the fights from civil and criminal liability.  The Bright Star Defendants' not only failed to take reasonable steps to protect its patrons from unruly and assualtive customers, it increased the risk of harm to Wright and others by protecting its regular customers from civil and criminal liability.

### F.    Dramshop Liability (The Bright Star Defendants)

Pleading in the alternative, if necessary, the Bright Star Defendants are providers of alcohol under the Texas Alcoholic Beverages Code.  During the night and shortly before Judson Weaver assaulted Wright, agents or vice principals of the Bright Star Defendants continued to serve Judson Weaver alcoholic beverages when he was obviously intoxicated to the extent that he presented a clear danger to himself and others. The intoxication of Judson Weaver was a proximate cause of the damages Weaver suffered.

### V.  Prayer for Relief and Jury Demand

20.    Wright thus asks the Court to—

a.    enter judgment against Judson Weaver, Joe Weaver, and the Bright Star Defendants on his claims;

b.    award full compensatory and punitive damages as allowed by law;

c.    award costs;

d.    award pre- and post-judgment interest at the maximum legal rates; and

e.    award any other proper legal and equitable relief.

21.     Under Rule 38, Chris Wright requests a trial by jury on all issues so triable.


Respectfully submitted,

**PEZZULLI KINSER, L.L.P.**


/s/
Michael F. Pezzulli
State Bar No. 15881900
Christopher L. Barnes
State Bar No. 00792175
Jack B. Krona, Jr.
State Bar No. 24005304
17304 Preston Road, Suite 700
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 fax

**ATTORNEYS FOR PLAINTIFF**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2008 a true and correct copy of the above document was forwarded via ECF filing, to Michael L. Peck, Brown Dean, Wiseman, Proctor, Hart and Howell, LLP, 306 West 7th Street, Suite 200, Ft. Worth, Texas 76102-4905.


/s/
Jack B. Krona Jr.