IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civ. A. No.: <u>4:07-cv-369</u> |
| | § | |
| | § | |
| JUDSON T. WEAVER, | § | |
| JOE K. WEAVER, CATHEY T. WEAVER, | § | |
| BRIGHT STAR HOSPITALITY, INC., | § | |
| THE BRIGHT STAR LOUNGE, | § | |
| THE DAYS INN, SSR CORP, INC., | § | |
| SUCHA SINGH DHILLON, | § | |
| HARJEET SINGH, THE TEXAS | § | |
| LOUNGE, INC., VIKRAM SINGH | § | |
| CHEEMA, DHILLON | § | |
| ENTERPRISES, INC., DHILLON | § | |
| ESTATES, L.P., US CHEEMA, INC., | § | |
| 128 TEXAS, LLC, and 1495JG, INC., | § | |
| | § | |
| Defendants. | § | |

## **PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE COURT:

In this diversity suit, Plaintiff Christopher D. Wright sues Defendant Judson Talbert Weaver under Texas state law for an assault and battery in Sulphur Springs, Texas, on March 7, 2007. Alternatively, Wright sues Judson Weaver for negligence. Wright also sues Defendant Joe Kenneth Weaver, Judson's father, and Cathey T. Weaver, Judson's mother, for negligently entrusting their son with their white GMC Yukon SUV. Judson injured Wright with the Yukon. Wright also sues the Days Inn and the Bright Star Lounge (in its assumed or common name) and its owners and operators for failing to have adequate security to protect Chris Wright and others from known risks of its

patron's past aggressive behavior and for failing to properly train and supervise its employees to deal with aggressive patrons. Wright also sues these owners and operators for Dram Shop liability. All Defendants are being sued in their assumed or common name, if necessary.

## I. Parties

1. Plaintiff Christopher D. Wright is an adult individual who is a citizen of the United States and who has his domicile in Oklahoma City, Oklahoma. He is, thus, a citizen of the U.S. and of Oklahoma.[1] He works for the Union Pacific railroad there.

2. Defendant Judson Talbert Weaver is an adult individual who is a U.S. citizen and who has his domicile at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-9705. He is, thus, a citizen of both the U.S. and of Texas. He is the son of Defendants Joe K. Weaver and Cathey T. Weaver. Judson was previously served with process.

3. Defendant Joe Kenneth Weaver is an adult individual who is a U.S. citizen and who has his domicile at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-6877. He is, thus, a citizen of the U.S. and of Texas. He is Judson Weaver's father. Joe Weaver was previously served with process.

4. Defendant Cathey T. Weaver is an adult individual who is a U.S. citizen and who has her domicile at 109 Oak Hollow Ln., Sulphur Springs, Texas, 75482-6877. She is, thus, a citizen of the U.S. and of Texas. She is Judson Weaver's mother. Cathey T. Weaver may be served by delivering the summons and a copy of this complaint to Cathey personally, by leaving copies at her usual dwelling at 109 Oak Hollow Ln.,

---

[1] *See Coury v. Prot*, 85 F.3d 244, 247-48 (5th Cir. 1996).

Sulphur Springs, Texas, 75482-6877, or by mailing copies to her Sulphur Springs address by registered or certified mail, return receipt requested

5. Defendant Bright Star Hospitality, Inc., a Texas corporation, may be served process by serving its registered agent for service of process, Sucha S. Dhillon, 1359 Grass Valley Dr., Rockwall, Texas 75087-6610. On information and belief, Bright Star Hospitality, Inc. is organized under the laws of Texas with its principal place of business in Texas, and, thus, is a citizen of Texas for purposes of diversity. On information and belief, Defendant Bright Star Hospitality, Inc. is an owner and operator of the Days Inn and the Bright Star Lounge.

6. On information and belief, Defendant Bright Star Lounge is an assumed or common named used by one or more of the corporate defendants, including Bright Star Hospitality, Inc., to operate a night club or bar at 1495 Industrial Drive East, Sulphur Springs, Texas 75482. The Bright Star Lounge is a citizen of Texas for purposes of diversity jurisdiction. The Bright Star Lounge may be served with process by serving Sucha S. Dhillon, 1359 Grass Valley Dr., Rockwall, Texas 75087-6610, the registered agent for Bright Star Hospitality, Inc. On information and belief, Defendant Days Inn and the Bright Star Lounge are operated by common owners and are not, in fact, separate businesses or entities.

7. On information and belief, Defendant Days Inn is an assumed or common name used by one or more of the corporate defendants to do business at 1495 Industrial Drive East, Sulphur Springs, Texas 75482, including US Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc. Defendant Days Inn is a citizen of Texas for purposes of diversity. Defendant Days Inn may be served with process by serving Vikram Singh Cheema,

15210 Climbing Branch Dr., Houston, Texas 77068-2116, the registered agent for US Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc. On information and belief, Defendant Days Inn and the Bright Star Lounge are operated by common owners and are not, in fact, separate businesses or entities.

8. Defendant Texas Lounge, Inc., a Texas corporation, may be served process by serving its registered agent for service of process, Harjeet Singh, 1233 Desiree Ln., Hurst, Texas 76053-4126. On information and belief, Texas Lounge, Inc. is organized under the laws of Texas with its principal place of business in Texas, and, thus, is a citizen of Texas for purposes of diversity jurisdiction. On information and belief, Defendant Texas Lounge, Inc. is an owner and operator of the Days Inn and the Bright Star Lounge.

9. Defendant Sucha Singh Dhillon is an adult individual who has his domicile at 1359 Grass Valley Dr., Rockwall, Texas 75087-6610. He is, thus, a citizen of Texas for purposes of diversity. Sucha Singh Dhillon may be served with process at 1359 Grass Valley Dr., Rockwall, Texas 75087-6610. On information and belief, Sucha Singh Dillon is an owner and operator of SSR Corp., the Days Inn, the Bright Star Lounge, and Bright Star Hospitality, Inc.

10. On information and belief, Defendant Harjeet Singh is an adult individual who has his domicile at 1233 Desiree Ln., Hurst, Texas 76053-4126. He is, thus, a citizen of Texas for purposes of diversity. Harjeet Singh may be served at his usual dwelling at 1233 Desiree Ln., Hurst, Texas 76053-4126. On information and belief, Harjeet Singh is an owner and operator of the Texas Lounge, Inc., the Days Inn, and the Bright Star Lounge.

11.     On information and belief, Defendant SSR Corp., a Texas corporation, is organized under the laws of Texas with its principal place of business in Texas.  Thus, it is a citizen of Texas for purposes of diversity.  SSR Corp. may be served with process by serving its registered agent, Sucha S. Dhillon, 1359 Grass Valley Dr., Rockwall, Texas 75087-6610.

12.     On information and belief, Defendant Vikram Singh Cheema is an adult individual who has his domicile at 15210 Climbing Branch Dr., Houston, Texas 77068-2116.  He is, thus, a citizen of Texas for purposes of diversity.  Vikram Singh Cheema may be served with process at 15210 Climbing Branch Dr., Houston, Texas 77068-2116.  On information and belief, Vikram Singh Cheema is an owner and operator of the Bright Star Lounge and the Days Inn and the principal owner and an officer of US Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc.  Also, on information and belief, Vicram Singh Cheema has several aliases or nicknames, including "Vic" Cheema.

13.     On information and belief, Defendant Dhillon Enterprises, Inc., a Texas corporation, is a corporation organized under the laws of Texas with its principal place of business in Texas.  Thus, it is a citizen of Texas for purposes of diversity.  Dhillon Enterprises, Inc. may be served process by serving its registered agent for service of process, Sucha S. Dhillon, 1359 Grass Valley Dr., Rockwall, Texas 75087-6610.  On information and belief, Defendant Dhillon Enterprises, Inc., is an owner and operator of the Bright Star Lounge and the Days Inn.

14.     On information and belief, Defendant Dhillon Estates, L.P., may be served process by serving its registered agent for service of process, Sucha S. Dhillon, 1359 Grass Valley Dr., Rockwall, Texas 75087-6610.  On information and belief, Dhillon

Estates, L.P, is an owner and operator of the Bright Star Lounge and the Days Inn. On information and belief, all of the principals of Dhillon Estates, L.P., are citizens of Texas and it is organized under the laws of Texas, and has its principal place of business in Texas. Thus, Dhillon Esates, L.P. is a citizen of Texas for purposes of diversity.

15. On information and belief, Defendant US Cheema, Inc., a Texas corporation, is an artificial entity that may be served process by serving its registered agent for service of process, Vikram Singh Cheema, 15210 Climbing Branch Dr., Houston, Texas 77068-2116. On information and belief, US Cheema, Inc., is a corporation organized under the laws of Texas with its principal place of business in Texas, and, thus it is a citizen of Texas for purposes of diversity. On information and belief, Defendant US Cheema, Inc. is an owner and operator of the Bright Star Lounge and the Days Inn.

16. On information and belief, Defendant 128 Texas, LLC, may be served process by serving its registered agent for service of process, Vikram Singh Cheema, 15210 Climbing Branch Dr., Houston, Texas 77068-2116. On information and belief, 128 Texas, LLC, is an owner and operator of the Bright Star Lounge and the Days Inn. On information and belief, all of the principals of 128 Texas, LLC, are citizens of Texas, and it is organized under the laws of Texas, and has its principal place of business in Texas. Thus, 128 Texas, LLC is a citizen of the state of Texas for purposes of diversity.

17. On information and belief, Defendant 1495JG, Inc., a Texas corporation, may be served process by serving its registered agent for service of process, Vikram Singh Cheema, 15210 Climbing Branch Dr., Houston, Texas 77068-2116. On information and belief, Defendant 1495JG, Inc. is an owner and operator of the Bright

Star Lounge and the Days Inn. On information and belief, Defendant 1495JG, Inc. is a corporation organized under the laws of Texas and has its principal place of business in Texas, and, thus, is a citizen of Texas for purposes of diversity.

18. On information and belief, all the non-Weaver defendants listed above are owners, operators, or occupiers—or predecessor or successor owners, operators, and occupiers—of the Days Inn and the Bright Star Lounge, located at 1495 E. Industrial Dr., Sulphur Springs, Texas 75482-3030. Also, on information and belief, all of the non-Weaver defendants are acting in concert with a joint and common purpose to, among other things, conceal the ownership, organizational structure, and assets of the Days Inn and the Bright Star Lounge from tort-creditors.

## II. Jurisdiction and Venue

19. Christopher Wright is a citizen of Oklahoma and all the defendants are citizens of Texas, and no other state. No defendant is a citizen of Oklahoma for purposes of diversity. The amount in controversy here exceeds $75,000, exclusive of costs and interest. The plaintiff's citizenship is completely diverse from the defendants', and the minimum amount-in-controversy requirement is met. Thus, this Court has diversity jurisdiction over this suit.[2]

20. Because most of the defendants reside in this district and because a significant portion of the events giving rise to Wright's claims occurred within this district, venue is proper in this district.[3] Also, Sulphur Springs is in Hopkins County, Texas, which is in the Sherman Division.

---

[2] *See* U.S. Const. art. III, § 2; 28 U.S.C. § 1332(a)(1).

[3] *See* 28 U.S.C. § 1391(a).

### III. Background Facts

21.     In March 2007, Joe and Cathey Weaver owned a white GMC Yukon, Texas license plate 116 BWY (the "SUV" or the "Yukon"). Joe Weaver maintained the required motor vehicle liability insurance on the SUV and,[4] on information and belief, the vehicle was registered in Cathey Weaver's name.

22.     On March 6–7, 2007, Joe and Cathey Weaver entrusted their Yukon to their son, Judson Weaver—despite Judson's criminal record. Alternatively, Joe and Cathey Weaver had entrusted his Yukon to his son on occasions before March 6 and generally permitted him access to the Yukon whenever Judson wanted to drive it. Judson borrowed the Yukon on March 7, 2007, and Joe and Cathey Weaver did not object.

23.     On or about March 7, 2007, 25-year-old Judson Weaver, Chris Wright, Sara Ashley, and others were in the parking lot of the Days Inn and the Bright Star Lounge—just after the bar closed—in Sulphur Springs, Texas. The Bright Star Lounge didn't have any security on the premises that night and had an inadequate staff to control its bar patrons in the event its patrons became aggressive. Also, the Days Inn and the Bright Star Lounge unreasonably failed to provide the staff that was on duty that night with adequate training to deal with aggressive bar patrons. Moreover, Judson Weaver was intoxicated.

24.     While sitting in a white GMC Yukon SUV, Weaver spit in Wright's face. When Wright reacted, Weaver accelerated across the parking lot with Wright's upper body and arms in the vehicle. After about 170 feet, Weaver apparently hit a curb, and Wright fell off. His face hit the pavement or curb—seriously injuring the skin, bones,

---

[4] *See* Tex. Transp. Code §§ 601.071, 601.072, 601.073, 601.076, 601.081.

teeth, and muscle structure of Wright's face and mouth.  He has undergone hours of painful reconstructive surgery and dental work.  In addition, Wright reasonably feared for his life and limbs when Weaver accelerated 170 feet across the parking lot with Wright's head and shoulders inside the SUV.  Wright has also missed approximately two months of work as a result of these events.

25.     On June 12, 2007, a Hopkins County grand jury indicted Judson Weaver for assault with a deadly weapon (the SUV) and failing to stop and render assistance.

26.     As a result of these events, Chris Wright suffered personal-injury damages as generally outlined in PJC 8.2 of the Texas Pattern Jury Charges, including physical pain and mental anguish, loss of earnings, disfigurement, and medical-care, surgical, and dental expenses.  In all reasonable probability, Chris Wright will continue to suffer physical pain, mental anguish, disfigurement, and medical-care, surgical, and dental expenses in the future as well.  In addition to the damages listed in PJC 8.2, Wright also suffered the offense resulting from Weaver's spitting in his face and the reasonable fear and apprehension for his life and limbs when Weaver accelerated 170 feet across the parking lot with his head and shoulders inside the SUV.  The damages in this paragraph and those in paragraph 8 are collectively the "relevant damages."

## IV.  Claims

### A.  Battery and Assault (Judson Weaver)

27. As paragraph 24 discussed, Judson Weaver twice battered Chris Wright on or about March 7, 2007, by offensive and by harmful contact.  Weaver made offensive contact by spitting in Wright's face when he knew or should have reasonably believed that Wright would find this offensive or provocative.  Weaver made harmful conduct by intentionally driving over 170 feet when Wright's head and shoulders were in the SUV, hitting a curb, and knocking Wright off.  Alternatively, Weaver recklessly drove with Wright's head and shoulders in the SUV and was aware of but consciously disregarded the risks associated with driving with a person stuck part way in an SUV and hitting a curb.  That is, Weaver knew or had reason to know of facts that created a high degree of risk of physical harm to Wright and deliberately proceeded to drive and accelerate the SUV in conscious disregard or indifference to the risks to Wright.

28. As paragraph 24 discussed, Judson Weaver also assaulted Chris Wright on or about March 7, 2007, by accelerating 170 feet across the parking lot with Wright's head and shoulders inside the SUV and intending to cause a harmful contact with Wright or an imminent apprehension of such a contact and thereby actually causing Wright to apprehend and fear that he was about to be killed or seriously injured.

### B.  Alternative Negligence Claim (Judson Weaver)

29. Weaver was at least negligent in the operation of his vehicle and this negligence proximately caused Wright's injuries.

### C. Negligent Entrustment (Joe and Cathey Weaver)

30. Before March 2007, Judson Weaver had at least one misdemeanor conviction, one deferred misdemeanor offense, one deferred adjudication for a separate misdemeanor, and another dismissed misdemeanor charge. Before March 2007, Judson Weaver was on probation. He had previously been involved in numerous drug-and-alcohol related incidents while using Joe and Cathey Weaver's vehicles. His license had also been suspended.

31. Between March 5 and 9, 2007, Joe and Cathey Weaver owned the Yukon. They also entrusted the Yukon to Judson Weaver on March 7. Alternatively, Joe and Cathey Weaver allowed Judson Weaver access to the Yukon, and Judson borrowed it without objection from Joe and Cathey on March 7. Judson Weaver was an incompetent or reckless driver, and Joe and Cathey Weaver knew or should have known this. Also, Joe and Cathey Weaver had actual knowledge that Judson Weaver was drinking alcohol on the night in question and did not revoke their consent to Judson operating the vehicle. Driving or using the Yukon, Judson Weaver intentionally or recklessly assaulted Chris Wright on or about March 7, or he at least negligently injured him. And Weaver's assault or negligence proximately caused Wright's relevant damages.

### D. Negligence Failure to Provide Adequate Staff Training and Security (Days Inn and Bright Star Lounge)[5]

32. Wright was an invitee at the Days Inn and the Bright Star Lounge on March 7, 2007 when he was assaulted in the parking lot of the Bright Star Lounge. The Days Inn and the Bright Star Lounge had a duty to use reasonable care to reduce or eliminate an unreasonable risk of harm to Wright and other patrons of the Days Inn and

---

[5] Wright refers to all non-Weaver defendants collectively as the Days Inn and Bright Star Lounge.

**Plaintiffs' Second Amended Complaint**            **Page 11**

the Bright Star Lounge. The Days Inn and the Bright Star Lounge controlled the security and safety of its premises but failed to use reasonable care to protect Wright from the foreseeable risk that another patron like Judson Weaver might start a fight and injure Wright. The Days Inn and the Bright Star Lounge unreasonably failed to hire and train sufficient staff to control unruly patrons. The Days Inn and the Bright Star Lounge had a recent history of fights and, rather than taking steps to make the premises more secure, the took steps to protect the unruly patrons who started the fights from civil and criminal liability. The Days Inn and the Bright Star Lounge not only failed to take reasonable steps to protect its patrons from unruly and assualtive customers, it increased the risk of harm to Wright and others by protecting their regular customers from civil and criminal liability.

### E.   Dramshop Liability (Days Inn and Bright Star Lounge)

33. Pleading in the alternative, if necessary, the Days Inn and the Bright Star Lounge are providers of alcohol under the Texas Alcoholic Beverages Code. During the night and shortly before Judson Weaver assaulted Wright, agents or vice principals of the Days Inn and Bright Star Lounge continued to serve Judson Weaver alcoholic beverages when he was obviously intoxicated to the extent that he presented a clear danger to himself and others. The intoxication of Judson Weaver was a proximate cause of the damages Weaver suffered.

### F.   Theories of Joint and Individual Liability (Days Inn and Bright Star Lounge)

34. Pleading in the alternative, if necessary:

35. On information and belief, and in the alternative, if necessary, Defendants Bright Star Hospitality, Inc., The Bright Star Lounge, The Days Inn, SSR Corp., Inc.,

Sucha Singh Dhillon, Harjeet Sing Dhillon, The Texas Lounge, Inc., Vikram Singh Cheema, Dhilon Enterpises, Inc., Dhillon Enterprises, LLC, US Cheema, Inc., 128 Texas, LLC and 1495JG, Inc., were owners, operators, and occupiers of the Days Inn and the Bright Star Lounge and individually owed Wright duties of care. Each such defendant breached its individual duty of care and proximately caused Wright to suffer the relevant damages.

36. On information and belief, Defendants Bright Star Hospitality, Inc., The Bright Star Lounge, The Days Inn, SSR Corp., Inc., Sucha Singh Dhillon, Harjeet Sing Dhillon, The Texas Lounge, Inc., Vikram Singh Cheema, Dhilon Enterpises, Inc., Dhillon Enterprises, LLC, US Cheema, Inc., 128 Texas, LLC and 1495JG, Inc. are jointly and severally liable to Wright because:

(1) Some or all of the entities were used to perpetrate a fraud;

(2) Some or all of the individuals and organizations are mere tools and business conduits of the other;

(3) Some or all of the entities are being used to avoid an obligation of the other;

(4) Some or all of the entities are being used to justify a wrong, evade a legal obligation, or inhibit discovery of a tort;

(5) Some or all of the entities are inadequately capitalized so as work an injustice;

(6) Two or more of these entities or individuals were operated as a single business or enterprise;

(7) Some or all of these individuals are the alter ego of the other; and

(8)     Some or all of these individuals or entities are acting in concert with one another.

## V.  Prayer for Relief and Jury Demand

37.     Wright thus asks the Court to—

a.     enter judgment against Judson Weaver, Joe Weaver, the Days Inn and Bright Star Lounge, and all non-Weaver defendants, jointly and severally, on his claims;

b.     award full compensatory and punitive damages as allowed by law;

c.     award costs;

d.     award pre- and post-judgment interest at the maximum legal rates; and

e.      award any other proper legal and equitable relief.

38.     Under Rule 38, Chris Wright requests a trial by jury on all issues so triable.

Respectfully submitted,

**PEZZULLI KINSER, L.L.P.**

/s/ Jack B. Krona Jr.
Michael F. Pezzulli
State Bar No. 15881900
Christopher L. Barnes
State Bar No. 00792175
Jack B. Krona Jr.
State Bar No. 24005304
17304 Preston Road, Suite 700
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 fax

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2008 a true and correct copy of the above document was forwarded via ECF filing, to Michael L. Peck, Brown Dean, Wiseman, Proctor, Hart and Howell, LLP, 306 West 7th Street, Suite 200, Ft. Worth, Texas 76102-4905.


    /s/ Jack B. Krona Jr.
    Jack B. Krona Jr.