# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. WRIGHT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-cv-369 |
| | § | |
| JUDSON T. WEAVER, JOE K. WEAVER, | § | |
| CATHEY T. WEAVER, BRIGHT STAR | § | |
| HOSPITALITY, INC., THE BRIGHT | § | |
| STAR LOUNGE, THE DAYS INN, | § | |
| SSR CORP. INC., SUCHA SINGH | § | |
| DHILLON, HARJEET SINGH, | § | |
| THE TEXAS LOUNGE, INC., | § | |
| VIKRAM SINGH CHEEMA, | § | |
| DHILLON ENTERPRISES, INC., | § | |
| DHILLON ESTATES, L.P., US CHEEMA, | § | |
| INC., 128 TEXAS, LLC and 1495JG, INC., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION & ORDER DENYING
## DEFENDANTS' MOTIONS TO DISMISS

Before the court are the following:

1. Defendant Harjeet Singh's Motion to Dismiss Pursuant to Rule 12(b)(5) and 12(b)(6) (de # 59);

2. Plaintiff's Response to Defendant Harjeet Singh's Motion to Dismiss Pursuant to Rule 12(b)(5) and 12(b)(6) and Brief in Support (de # 62);

3. Defendant Days Inn's Motion to Dismiss Pursuant to Rule 9(a) (de # 63);

4. Defendants' Vikram Singh Cheema, US Cheema, Inc., 128 Texas, LLC, The Days' Inn and 1495JG, Inc.'s Motion to Dismiss Pursuant to Rule 9(b) and Rule 12(b)(6) (de # 64); and

5. Plaintiff's Consolidated Response to Defendants' Motions to Dismiss Pursuant to Rules 9(a), 9(b) and 12(b)(6).

The court will discuss each Motion in turn.

Defendant Harjeet Singh requests dismissal under Rule 12(b)(5) because of an alleged

deficiency in service of process. He claims that the Plaintiff served his father instead of personally serving the Plaintiff. Setting aside the obvious (that serving process at the "usual place of abode with someone of suitable age and discretion who resides there,"[1] FED. R. CIV. P. 4(e)(2)(B), is an explicitly approved method of service), the process server's uncontradicted, sworn return of service indicates the Harjeet Singh was indeed personally served despite the representation contained in his Motion to Dismiss. (*See* de # 55.) Accordingly, "Defendant Harjeet Singh's Motion to Dismiss Pursuant to Rule 12(b)(5) and 12(b)(6)" (de # 59) should be, and hereby is, DENIED. Counsel is reminded to include in future motions the reasoning supporting Defendants' legal arguments and citation to the appropriate authorities. LOCAL RULE CV-7(c).

Defendant Days' Inn requests its dismissal under Rule 9(a) because, it claims, Days' Inn is simply a common or assumed name associated with other corporate Defendants. A party's capacity to sue or be sued is governed by Rule 17, which looks to the laws of the state of incorporation. FED. R. CIV. P. 17(b)(2). In Texas, a private corporation "may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right." *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003) (quoting TEX. R. CIV. P. 28). Accordingly, Days' Inn's inclusion in the Second Amended Complaint is not in error. *See id*. at 53. "Defendant Days Inn's Motion to Dismiss Pursuant to Rule 9(a)" (de # 63) should be, and hereby is, DENIED. Counsel is again reminded to include in future motions the reasoning supporting Defendants' legal arguments and citation to the appropriate authorities. LOCAL RULE CV-7(c).

With regard to the last of the Defendants' Motions, several Defendants seek dismissal under

---

[1] The Defendant challenges none of these limitations in his Motion. His Motion is based purely on his claim that his father was served rather than himself.

Rules 9(b) and 12(b)(6). In Paragraph 36(1) of the Second Amended Complaint, the Plaintiff alleges that "[s]ome or all of the entities were used to perpetuate a fraud." Rule 9(b) imposes a heightened pleading requirement on averments of fraud, providing that "the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). "Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). While Rule 9(b) is to be applied "without apology," courts must take care not to obscure the liberal pleading standard contained in Rule 8(a), which is among the Rules' most indispensable commands. *Williams v. WMX Techs.*, 112 F.3d 175, 178 (5th Cir. 1997).

Texas law provides the rule of decision with regard to the Plaintiff's corporate veil piercing theory. *See Univ. Rehab. Hosp., Inc. v. Int'l Coop. Consultants, Inc.*, Civ. A. No. 05-1827, 2006 U.S. Dist. LEXIS 75432, at *7 (W.D. La. Oct. 16, 2006). Texas courts allow the corporate veil to be pierced in at least seven circumstances, all of which have been pled by the Plaintiff. *Seidler v. Morgan*, 277 S.W.3d 549, 557 (Tex. App.—Texarkana 2009, pet. filed) (quoting *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986)). One of those circumstances is where the corporate form is allegedly being used to "perpetrat[e] a fraud." *Id*. Courts have generally applied Rule 9(b) to allegations of abuse of the corporate form in furtherance of fraud where the underlying claim is based on fraud. But Rule 8(a)'s more lenient requirements have generally been applied where a veil piercing theory has been advanced in support of a non fraud-based claim. *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 912-13 (N.D. Ill. 2007); *Hillman Lumber Prods. v. Webster Mfg.*, Civ. A. No. 06-1204, 2007 U.S. Dist. LEXIS 32410, at *14 (E.D. La. Apr. 27, 2007); *Orion Power Midwest, L.P.*

*v. Am. Coal Sales Co.*, No, 2:05-cv-555, 2007 U.S. Dist. LEXIS 86106, at *5 (W.D. Pa. Nov. 21, 2007); *Matlink, Inc. v. Matlink, Inc.*, Case No. 06CV1496, 2006 U.S. Dist. LEXIS 83508, at *21-22 (S.D. Cal. Nov. 16, 2006).

The fact that the word "fraud" appears in the Second Amended Complaint is not the issue. *See id*. The corporate veil may be pierced so as to discourage the abuse of the corporate form to conceal or continue an injustice. The injustice need not be based on fraud, and the alleged injustice in this case is not. Thus, the court applies Rule 8(a) to the Plaintiff's assertion of his corporate veil piercing theory and finds that the Defendants have been provided with sufficient notice of the allegations against them. As to the remainder of the Motion, the Plaintiff's causes of action have been stated such that they would support relief. Accordingly, the court is of the opinion that "Defendants' Vikram Singh Cheema, US Cheema, Inc., 128 Texas, LLC, The Days' Inn and 1495JG, Inc.'s Motion to Dismiss Pursuant to Rule 9(b) and Rule 12(b)(6)" (de # 64) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 22nd day of May, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE