IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:07-cv-369 |
| | § | |
| JUDSON T. WEAVER, | § | |
| JOE K. WEAVER, CATHEY T. WEAVER, | § | |
| BRIGHT STAR HOSPITALITY, INC., | § | |
| THE BRIGHT STAR LOUNGE, | § | |
| THE DAYS INN, SSR CORP, INC., | § | |
| SUCHA SINGH DHILLON, | § | |
| HARJEET SINGH, THE TEXAS | § | |
| LOUNGE, INC., VIKRAM SINGH | § | |
| CHEEMA, DHILLON ENTERPRISES, | § | |
| INC., DHILLON ESTATES, L.P., US | § | |
| CHEEMA, INC., 128 TEXAS, LLC, and | § | |
| 1495JG, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
<u>DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL</u>**

Before the court are the following:

•  "Plaintiff's Motion to Compel Defendants' Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc., to Properly Respond to Interrogatories and Produce Documents" (Dkt. 88);

•  "Defendants' Response to Plaintiff's Motion to Compel Vikram Cheema, US Cheema, Inc., 128 Texas, LLC and 1495JG, Inc. to Properly Answer Interrogatories and Produce Documents" (Dkt. 90);

•  "Plaintiff's Reply in Support of its Motion to Compel Defendants' Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc., to Properly Respond to Interrogatories and Produce Documents (Document 88)" (Dkt. 94); and

•  "Plaintiff's Motion to Compel Documents Responsive to Plaintiff's Second

1

> Request for Production to Defendants Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495 JG, Inc., and Answers to Plaintiff's Second Set of Interrogatories to Defendants Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc." (Dkt. 89).

For the reasons set out below, Plaintiff's first motion to compel (Dkt. 88) is granted in part and denied in part, and Plaintiff's second motion to compel (Dkt. 89) is granted in part and denied in part.

## BACKGROUND

This is an assault and battery, negligence, and dram shop liability suit brought under Texas law. Plaintiff alleges that on March 7, 2007, he and Defendant Judson Weaver had an altercation in the parking lot of the Days Inn and Bright Star Lounge in Sulphur Springs, Texas. According to Plaintiff, he was spit upon by Defendant Weaver and then dragged across the parking lot by a vehicle driven by Defendant Weaver while his upper body and arms were inside the vehicle. When the vehicle stopped, Plaintiff hit the pavement and suffered serious injury to his face and mouth. Based on these events, Plaintiff sued Defendant Judson Weaver for assault and battery and in the alternative for negligence. Plaintiff has also brought claims against Joe and Cathy Weaver (Judson Weaver's parents) for negligent entrustment and Days Inn and Bright Star Lounge for negligent failure to provide adequate staff training and security and for dram shop liability.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when a party fails to respond to an interrogatory or produce requested documents. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)–(iv). For the purposes of a motion to compel, "an evasive or incomplete

2

disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Unless otherwise limited by court order, the scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). At the discovery stage, relevancy is broadly construed: "information is relevant if it encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quotations omitted). Therefore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

## ANALYSIS

### A. Plaintiff's First Motion to Compel

On January 22, 2009, Plaintiff served Defendant Vikram Cheema with his first set of interrogatories and served Defendants Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc. with his first request for production. At issue are Interrogatory Nos. 2, 3, and 5, and Request for Production Nos. 4, 5, 8, 11, 12, 14, 18, 28, 29, 30, 32, 33, and 37. The court will consider each disputed response in turn.

#### 1. Interrogatory No. 2

Interrogatory No. 2 asks Defendant to identify each person or entity that had any direct or indirect interest in any part of the property located at 1495 Industrial Drive, East, Sulphur Springs, Texas 75482. At issue is the final sentence of Defendant's response: "The Bright Star

Lounge was operated by Sucha Dhillon or an entity controlled by him." Plaintiff maintains that Defendant's response is vague and confusing and seeks an order compelling Defendant Cheema to confirm under oath Sucha Dhillon's interest in the hotel and bar property at issue in this case. Defendant believes he has properly answered the interrogatory. Defendant's response that the bar was operated by Sucha Dhillon or an entity controlled by him is vague and unclear. ***Within 10 days of this order***, Defendant must supplement his response to Interrogatory No. 2 and clarify Sucha Dhillon's interest, including any ownership interest, in the Bright Star Lounge. Also, Defendant must state in his response whether the bar was operated by Sucha Dhillon, and, if so, whether Dhillon operated the bar alone or with others. If the bar is operated by an entity controlled by Sucha Dhillon, Defendant must name the entity. Plaintiff's motion with regard to Interrogatory No. 2 is **GRANTED**.

    **2. Interrogatory No. 3**

Interrogatory No. 3 requests information regarding the employees of the hotel and bar. Plaintiff contends Defendant did not fully answer this interrogatory because the answer does not contain a list of employees. The court agrees. Defendant's response does not list any employees. The fact that Defendant produced documents that contain the information is not sufficient to answer the interrogatory. ***Within 10 days of this order***, Defendant must supplement his response to Interrogatory No. 3 with a list of the names, job titles and job descriptions of any persons employed at the Days Inn or Bright Star Lounge from January 1, 2007 through present. Plaintiff's motion with regard to Interrogatory No. 3 is **GRANTED**.

    **3. Interrogatory No. 5**

Interrogatory No. 5 asks Defendant to identify each person or entity that had a leasehold

4

or possessory interest in any part of the property located at 1495 Industrial Drive, East, Sulphur Springs, Texas 75482. Defendant's answer identifies Sucha Dhillion as the operator of the Bright Star Lounge. This answer is non-responsive because it does not indicate whether Sucha Dhillion's interest in the property is a leasehold or possessory interest in the property. ***Within 10 days of this order***, Defendant will supplement his response to Interrogatory No. 5 by listing each person or entity with a leasehold or possessory interest in the property located at 1495 Industrial Drive, East, Sulphur Springs, Texas 75482. Defendant must also clarify whether Sucha Dhillion's interest was leasehold, possessory or neither. Plaintiff's motion with regard to Interrogatory No. 5 is **GRANTED**.

### 4. Request for Production Nos. 4, 5, 8, 11, 12, 14, and 18

Plaintiff seeks on order compelling the production of documents responsive to Request for Production 4, 5, 8, 11, 12, 14, 18, 28, 29, 30, 32, 33, and 37. In their response to Plaintiff's motion to compel, Defendants assert that all documents responsive to Request for Production Nos.4, 5, 8, 11, 12, 14, 18, 28, 29, 30, 32, 33, and 37 in their possession have been produced. According to Defendants:

> When Defendants indicated in their responses that documents [sic] "will produce any documents in their possession, custody or control" Defendants did not intend to suggest hat they were in possession of all such documents but only that a diligent search would be made and any responsive documents in their possession would be produced. Defendants assert that those responsive documents in their possession have been produced.

Defs.' Resp. to Pl.'s Mot. to Compel at 2. However, in that same response, Defendants argue objections to Plaintiff's Request for Production Nos. 28, 29, 30, 32, 33, and 37. *Id.* at 3–4. Although the court cannot order Defendants to produce documents they do not have, Defendants' inconsistent statements are troublesome. ***Within 10 days of this order***, Defendants

5

will either produce the documents responsive to Request for Production Nos. 4, 5, 8, 11, 12, 14, and 18 or submit an affidavit confirming that all documents in Defendants' possession, custody, or control responsive to Request for Production Nos. 4, 5, 8, 11, 12, 14, and 18 have been produced. Plaintiff's motion to compel with respect to Request for Production Nos. 4, 5, 8, 11, 12, 14, and 18 is **GRANTED**.

**5. Request for Production Nos. 28, 29, and 30**

Defendants object to Request for Production Nos. 28, 29, and 30. These requests seek information related to civil, criminal, and administrative complaints against Defendants from January 1, 2005 to present. According to Defendants, the information sought is not relevant to the issues in this lawsuit and is not calculated to lead to the discovery of admissible evidence. Specifically, Defendants argue "there is no attempt by Plaintiff to tailor the discovery sought to the lawsuit before the court when Plaintiff requests pleadings in any lawsuit whether it has anything to do with hotel or bar operations or security, or when Plaintiff requests information relating to the Texas Workforce or EEOC." Plaintiff argues that the disputed requests are relevant to issues such as ownership and control over the bar and notice of previous incidents at the bar.

Request for Production Nos. 28 and 29 seek information related to past civil or criminal matters involving the Defendants. The information sought is relevant to Plaintiff's negligence and dram shop liability claims against Defendants, because it could lead to information concerning ownership and control of the hotel and bar and to evidence concerning notice of past incidents on the property. The information sought by Request for Production No. 30, however, is overly broad. It is unclear how documents sent to the Texas Workforce Commission, the

6

Equal Employment Opportunity Commission, or any similar agency relates to the litigation at hand. Therefore, Defendants' objection to Request for Production Nos. 28 and 29 is overruled and Defendants' objection to Request for Production No. 30 is sustained. Plaintiff's motion to compel is **GRANTED** with respect to Request for Production Nos. 28 and 29 and **DENIED** with respect to Request for Production No. 30.

    **6. Request for Production No. 31**[1]

Request for Production No. 31 asks Defendants to "produce a copy of all organic corporate documents, bylaws, resolutions, board minutes, etc. from January 1, 2006 through present, and the original organic corporate document if it was created before January 1, 2006." Defendants object to this request as "vague and ambiguous and seeks information that is not relevant or is for purposes of harassment." This objection is overruled. The information sought in is relevant to issues such as ownership and control of the bar. Plaintiff's motion to compel Request for Production No. 31 is **GRANTED**.

    **7. Request for Production No. 32**

Request for Production No. 32 asks Defendants to "produce all documents related to the sale, lease, purchase, etc. of any asset or transaction worth over $25,000 since January 1, 2006." Defendants object on the grounds that this request is vague, overbroad, and irrelevant. The court agrees. Although Plaintiff argues this request is relevant to ownership and control of the bar, the request is not limited to transactions involving the bar. Instead, it seeks documents related to

---

[1]Although Plaintiff's motion to compel labels this request "Request for Production No. 30," Plaintiff's arguments correspond to Request for Production 31. Because the court believes Plaintiff's reference to Request for Production No. 30 is a typo, the court will consider Plaintiff's arguments in relation to Request for Production No. 31.

*any* asset or transaction worth over $25,000. This request is too broad. Defendant's objection is sustained, and Plaintiff's motion to compel with respect to Request for Production No. 32 is **DENIED**.

### 8. Request for Production No. 33

Request for Production No. 33 seeks the production of any document showing the net worth of each named Defendant from January 1, 2007 to present. Defendants object to this request, on the grounds that it is vague, overbroad, and irrelevant. In addition, Defendants argue the request "violates the personal and privacy rights of the Defendants." Evidence of net worth is relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damage claim. *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 137 (E.D. Tex. 2003). In the present case, Plaintiff seeks both compensatory and punitive damages against Defendants, therefore evidence of net worth is relevant. With respect to Request for Production No. 33, Plaintiff's motion to compel is **GRANTED**.

### 9. Request for Production No. 37

Request for Production No. 37 asks Defendants to "produce a copy of any cell phone or telephone records for any phone you have used for the period March 1, 2007 through April 1, 2007." Defendants object to this request on the grounds that it is irrelevant or in the alternative that the request is for the purposes of harassment. Plaintiff contends the requested cell phone records are relevant, because several witnesses told the police that they were communicating with Defendants about the incident. Plaintiff seeks Defendants' cell phone record in order to confirm or deny these reports and to discover who Defendants were talking to between March 1, 2007 and April 1, 2007. Additionally, Plaintiff states that Defendant Cheema testified in his

deposition that he would produce these documents.

Defendants' objection is overruled. The cell phone records sought by Plaintiff are relevant because they are reasonably calculated to lead to the production of relevant information. The cell phone records could help Plaintiff to identify additional witnesses to the incident. Additionally, the records could lead to information about conversations between Defendants and the witnesses. Finally, Defendant Cheema agreed at his deposition to produce the requested documents and Defendants do not contest that such an agreement was made. Therefore, Plaintiff's motion to compel a response to Request for Production No. 37 is **GRANTED**.

### 10. Request for Costs and Attorney's Fees

The court has considered Plaintiff's request for the costs and attorney's fees associated with bringing the motion to compel. Plaintiff's request is **DENIED**.

## B. Plaintiff's Second Motion to Compel

Defendants did not respond to "Plaintiff's Motion to Compel Documents Responsive to Plaintiff's Second Request for Production to Defendants Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495 JG, Inc., and Answers to Plaintiff's Second Set of Interrogatories to Defendants Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc." (Dkt. 89). Under Local Rule CV-7(d), when a party "fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." LOCAL RULE CV-7(d). Because the court assumes Defendants do not contest Plaintiff's second motion to compel, Plaintiff's second motion to compel (Dkt. 89) is **GRANTED IN PART** and **DENIED IN PART**. *Within 10 days of this order*, Defendants are ordered to produce all documents responsive to Plaintiff's second request for production and to respond to Plaintiff's

9

second set of interrogatories. To the extent Wright receives an answer to Interrogatory No. 1 outside the discovery deadline, Wright may depose the persons listed in the responses and subpoena documents from them. Finally, the court has considered Plaintiff's request for costs and attorney's fees and that request is denied.

## CONCLUSION

For the reasons discussed above, "Plaintiff's Motion to Compel Defendants' Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc., to Properly Respond to Interrogatories and Produce Documents" (Dkt. 88) is **GRANTED IN PART** and **DENIED IN PART**, and "Plaintiff's Motion to Compel Documents Responsive to Plaintiff's Second Request for Production to Defendants Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495 JG, Inc., and Answers to Plaintiff's Second Set of Interrogatories to Defendants Vikram Singh Cheema, U.S. Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc." (Dkt. 89) is **GRANTED IN PART** and **DENIED IN PART**. Defendants have *10 days from the date of this order* to respond to Plaintiff's discovery requests in compliance with this order.

**IT IS SO ORDERED.**

**SIGNED this the 17th day of December, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE