IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:07-cv-369 |
| | § | |
| JUDSON T. WEAVER, | § | |
| JOE K. WEAVER, CATHEY T. WEAVER, | § | |
| BRIGHT STAR HOSPITALITY, INC., | § | |
| THE BRIGHT STAR LOUNGE, | § | |
| THE DAYS INN, SSR CORP, INC., | § | |
| SUCHA SINGH DHILLON, | § | |
| HARJEET SINGH, THE TEXAS | § | |
| LOUNGE, INC., VIKRAM SINGH | § | |
| CHEEMA, DHILLON ENTERPRISES, | § | |
| INC., DHILLON ESTATES, L.P., US | § | |
| CHEEMA, INC., 128 TEXAS, LLC, and | § | |
| 1495JG, INC., | § | |
| | § | |
| Defendants. | § | |

**REVISED MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS JOE AND CATHEY WEAVER'S
MOTIONS FOR SUMMARY JUDGMENT (Dkt. 91, 92.)**

On December 22, 2009, this court entered a Memorandum Opinion and Order denying Defendants Joe and Cathey Weaver's motions for summary judgment (Dkt. 91, 92.). On December 22, 2009, Defendants filed supplemental briefing to support their contention that Plaintiff's negligent entrustment claims should fail as a matter of law (Dkt 128.). The court did not become aware of this filing until December 23, 2009. However, after considering Defendants' supplemental brief the court is of the opinion that Defendants' motions for summary judgement (Dkt. 91, 92.) should be **GRANTED**.

Plaintiff has not supplied the court with sufficient evidence to create a genuine issue of material fact that Judson Weaver was an unlicensed, incompetent, or reckless driver. As this court explained in its original memorandum opinion and order, evidence of isolated or remote incidents is not sufficient to establish that a driver is reckless or incompetent. *Broesche v. Bullock*, 427 S.W.2d 89, 93 (Tex. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Defendants' supplemental briefing makes clearer that Judson Weaver's previous arrests and driving incidents were too isolated and remote to establish that he was a reckless or incompetent driver at the time his parents allegedly entrusted their vehicle to him.

First, Judson's arrests for public intoxication and criminal mischief occurred in 2000 and 2001 and his arrest for marijuana and possession of a dangerous drug occurred in April 2002. Although Joe and Cathey Weaver were apparently aware of these incidents, the most recent offense occurred almost five years prior to the altercation with Christopher Wright. Therefore, these offenses are too remote to be relevant to whether Joe and Cathey knew or should have known that Judson was a reckless driver on March 6, 2007. Additionally, the court is aware of only two blemishes on Judson's driving record prior to the March 6, 2007, incident. The first was an unreported auto accident in 2000. (Judson Weaver Dep. at 29.) This incident is not sufficient to create a genuine issue of material fact as to Judson's abilities as a driver in that no citation was issued and it occurred some seven years before the incident in question. *See Broesche*, 427 S.W.2d at 93. The only other incident related to Judson's driving record is a 2005 car accident in which no citation was issued. Although Judson admits that he considers himself at fault for this accident, evidence of a single auto accident two years before the alleged entrustment is not sufficient to create a genuine issue of material fact that Judson Weaver was a

2

reckless or incompetent driver. *See id*; *see also McDorman v. Texas-Cola Leasing Co. LP, LLP*, 288 F. Supp. 2d 796, 807 (N.D. Tex. 2003).

Accordingly, Defendants Joe and Cathey Weaver's motions for summary judgment are hereby **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED this the 6th day of January, 2010.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE