**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER D. WRIGHT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:07-cv-369 |
| | § | |
| **JUDSON T. WEAVER,** | § | |
| **JOE K. WEAVER, CATHEY T. WEAVER,** | § | |
| **BRIGHT STAR HOSPITALITY, INC.,** | § | |
| **THE BRIGHT STAR LOUNGE,** | § | |
| **THE DAYS INN, SSR CORP, INC.,** | § | |
| **SUCHA SINGH DHILLON,** | § | |
| **HARJEET SINGH, THE TEXAS** | § | |
| **LOUNGE, INC., VIKRAM SINGH** | § | |
| **CHEEMA, DHILLON ENTERPRISES,** | § | |
| **INC., DHILLON ESTATES, L.P., US** | § | |
| **CHEEMA, INC., 128 TEXAS, LLC, and** | § | |
| **1495JG, INC.,** | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER
THE JANUARY 6, 2010 ORDER WHICH REVERSED THE DENIAL OF
SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

**BACKGROUND**

On January 6, 2010, this court entered a "Revised Memorandum Opinion and Order Granting Defendants Joe and Cathey Weaver's Motions for Summary Judgment (Dkt. 91, 92.)." The court's revised order reversed its December 22, 2009, order denying summary judgment. As the court explained in its January 6, 2010 order, Defendants Joe and Cathey Weaver filed supplemental briefing on the same day this court entered its memorandum opinion and order denying summary judgment. This briefing made clearer that Judson Weaver's previous arrests and driving incidents were too isolated and remote to establish that he was a reckless or

1

incompetent driver at the time his parents allegedly entrusted their vehicle to him.

On January 22, 2010, in response to this court's revised order, Plaintiff filed "Plaintiff Chris Wright's: Response to Defendants Joe and Cathey Weaver's 'Supplement' to their Motions for Summary Judgment or, Alternatively, Motion to Reconsider the January 6, 2010 Order, Which Reversed the Denial of Summary Judgment and Brief in Support" ("Response/Motion for Reconsideration"). (Dkt. 138.) In this motion, Plaintiff argues he should have been afforded the opportunity to respond to Defendants' supplemental briefing and seeks reconsideration of the January 6, 2010 order.

However, Plaintiff's Response/Motion for Reconsideration simply reargues the same evidence of Judson Weaver's misconduct presented in its original response to Defendants' motions for summary judgment. Although under such circumstances a court may summarily deny reconsideration, for the sake of clarity and out of an abundance of caution, the court has fully considered Plaintiff's motion and the supportive briefing.

## ANALYSIS

The basis for imposing liability under the doctrine of negligent entrustment is the "owner's own negligence in permitting his motor vehicle to become a dangerous instrumentality by putting it into a driver's control with knowledge of the potential danger existing by reason of the incompetence or reckless nature of the driver." *Green v. Tex. Elec. Wholesalers, Inc.*, 651 S.W.2d 4, 6 (Tex. App.—Houston [1st Dist.] 1983, no writ). Therefore, in the context of negligent entrustment, "a driver is reckless when his *driving* presents a danger to others." *McGuire v. Wright*, 140 F.3d 1038, 1998 WL 156342, *3 (5th Cir. March 23, 1998) (unpublished). To determine recklessness, "[r]eliance is generally placed upon evidence of

previous traffic violations, previous habits or intemperance."*Revisore v. West*, 450 S.W.2d 361, 364 (Tex. App.—Houston [14 th Dist.] 1970, no writ). As one Texas court explained:

> drivers have been determined to be reckless when their history of driving habits, traffic violations, or intemperance (whether due to wilful and wanton actions or otherwise) exhibits a pattern of such deviations from lawful and proper manner of *vehicle operation* that if the entrustor had knowledge of the history, the entrustor should reasonably have anticipated that the driver would operate the entrusted vehicle in a wrongful manner and thereby damage persons or property.

*Pesina v. Hudson*, 132 S.W.3d 133, 137–38 (Tex. App.—Amarillo 2004, no pet.) (emphasis added). The issue, therefore, is whether Weaver, "by virtue of his *driving habits*, was careless and reckless to the extent that he was not suitable or adequate for the purpose of safely operating an automobile." *Broesche v. Bullock*, 427 S.W.2d 89, 93 (Tex. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.) (emphasis added). A driving record that contains listed violations or accidents, but has no indication of guilt or fault is insufficient to show that the individual was a habitually reckless or incompetent driver. *Hines v. Nelson*, 547 S.W.2d 378, 386 (Tex. App.—Tyler 1977, no writ).

Texas courts have found drivers incompetent and reckless in a variety of situations. A minor was found to be reckless, for instance, when after having his license for only three years he was cited and paid fines for seven moving violations, all within three years prior to the entrustment, and received a letter from the Department of Public Safety reprimanding him for his driving. *Broesche*, 427 S.W.2d at 93. The parents of a minor have also been found liable when the minor was involved in six motor vehicle incidents as a driver during a period of less than two years prior to the entrustment. *Pesina*, 132 S.W.3d at 134.

The evidence in the present case, however, is not sufficient to create a genuine issue of material fact that Judson Weaver's driving presented a danger to others and that the Weaver's

3

were negligent in entrusting the vehicle to him. The evidence related to Judson Weaver's driving record can be summarized as follows:

- In 2001, Judson had a fender bender while driving in Oklahoma City. Judson was driving a vehicle owned by his parents and Cathey Weaver was in the car at the time of the accident. No citation was issued.

- Between February 11, 2005 and March 11, 2005, Judson was pulled over for driving with a defective headlamp. There is no evidence that a citation was issued.

- On June 16, 2005, Judson rear-ended another vehicle at an intersection. No citation was issued.

- June 24, 2005 to December 20, 2005, Judson's driver's license was suspended because he was convicted on charges of possession of marijuana.

- On July 20, 2005, Judson was arrested for driving a vehicle with defective equipment because his vehicle had no tail lights.

- On June 1, 2006, Judson's application for a renewal of his driver's license was denied. Prior to the notice of final denial Judson received to "Notice of Intent to Deny Application for Renewal of Driver's License" letters: one on January 28, 2006 and another on March 20, 2006. The reason cited in the letters was failure to appear in court for a traffic violation.

- On July 20, 2006, the denial of Judson's application for a renewal of driver's license was lifted.

Unlike the drivers in the cases discussed above, Judson had only two car accidents in the six year period before the accident at issue and his other driving violations involved defective headlamps and tail lights. Therefore, even though Joe and Cathey Weaver were likely aware of each incident, nothing in Judson's driving record suggest that they should have reasonably anticipated his driving would cause injury to others.

Plaintiff argues that the evidence of Judson's arrests for public intoxication and possession of marijuana in 2000, 2001, 2002 require the "fair inference" that he habitually

4

consumed drugs and alcohol and was therefore too reckless or intemperate to be entrusted with the GMC Yukon driven on March 6–7, 2007. The court does not agree. Although past incidents of driving under the influence of alcohol or drugs and evidence of intoxication at the time of entrustment are relevant to determining incompetence or recklessness, evidence of alcohol or drug use that is unrelated to driving does not necessarily establish that an individual is a reckless driver for the purposes of a negligent entrustment action. *See Pesina*, 132 S.W.3d at 138; *Resivore*, 450 S.W.2d at 364.

Plaintiff can point to only one incident in which Judson was allegedly drinking and driving. On June 15, 2000, when Judson was arrested for public intoxication at the end of his parent's private drive, Judson had apparently been driving up and down the drive with a friend before the two exited the car and were arrested. This incident, which occurred almost seven years before the accident at issue and did not result in a driving while intoxicated conviction, is too remote to create a fact issue with regard to Judson's incompetence or recklessness. *See Batte v. Hendricks*, 137 S.W.3d 790, 791 (Tex. App.—Dallas 2004, pet denied) (sixteen-year old guilty plea to driving while intoxicated was too remote to create a fact issue with regard to driver's incompetence or recklessness); *Avalos v. Brown Auto. Ctr., Inc.*, 63 S.W.3d 42, 49 (Tex. App.—San Antonio 2001, no pet.) (seven-year old driving while intoxicated conviction too remote to create fact issue regarding driver's incompetence or recklessness).

Regarding Judson's drug use, on April 16, 2002, Judson was arrested for possession of two ounces of marijuana. He was placed on deferred adjudication community supervision, but apparently continued to use marijuana because the conditions of his community supervision were amended three times: once on January 8, 2004, on August 17, 2004, and again on October 19,

5

2004. Finally on June 24, 2005, Judson was adjudicated guilty for the possession of marijuana charge because he violated the conditions of his community supervision by continuing to use marijuana. As a result of his conviction, Judson's driver's license was suspended. Although this evidence indicates that Judson used marijuana, there is no evidence that Judson drove while under the influence of marijuana. Plaintiff asks the court to infer that because Judson used marijuana, he most likely drove after using marijuana. However, there is no evidence Judson drove after using marijuana, nor is there any evidence that the Weavers knew about it if it did occur. Therefore, this is not a reasonable or "fair" inference on the evidence.

Even if such an inference were reasonable, on July 20, 2006, the Texas Department of Public Safety ("TDPS") determined Judson was a competent driver and lifted the denial of his application for renewal. In Texas, "[t]he possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary." *Batte*, 137 S.W.3d at 791. Therefore, TDPS's renewal of Judson's license is evidence of his competency as a driver. There is no evidence before the court to indicate that after July 20, 2006, Judson acted in a way that would controvert this evidence of competency. Therefore, Joe and Cathey Weaver could not have reasonably expected Judson's driving to harm another.

## CONCLUSION

The court has fully considered Plaintiff's motion, brief, and the summary judgment evidence in support. However, the evidence is not sufficient to create a fact issue that Judson Weaver's driving habits indicated that he was careless and reckless to the extent that his parents should have anticipated he would injure another while driving. Therefore, "Plaintiff Chris Wright's: Response to Defendants Joe and Cathey Weaver's 'Supplement' to their Motions for

6

Summary Judgment or, Alternatively, Motion to Reconsider the January 6, 2010 Order, Which Reversed the Denial of Summary Judgment and Brief in Support" (Dkt. 138) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this the 1st day of February, 2010.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE