IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTOPHER D. WRIGHT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.: 4:07-cv-369 |
| § | |
| JUDSON T. WEAVER, § | |
| JOE K. WEAVER, CATHEY T. WEAVER, § | |
| BRIGHT STAR HOSPITALITY, INC., § | |
| THE BRIGHT STAR LOUNGE, § | |
| THE DAYS INN, SSR CORP, INC., § | |
| SUCHA SINGH DHILLON, § | |
| HARJEET SINGH, THE TEXAS § | |
| LOUNGE, INC., VIKRAM SINGH § | |
| CHEEMA, DHILLON ENTERPRISES, § | |
| INC., DHILLON ESTATES, L.P., US § | |
| CHEEMA, INC., 128 TEXAS, LLC, and § | |
| 1495JG, INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR ENTRY OF FINAL JUDGMENT
AND MOTION TO STAY**

Before the court is "Plaintiff Chris Wright's: (1) Motion for Entry of a Final Judgment on His Claims Against Defendants Joe and Cathey Weaver and (2) Motion to Stay the Remainder of the Case Pending Interlocutory Appeal and Brief in Support" (Dkt. 141). For the reasons set out below, Plaintiff's motion is **DENIED**.

**I.  BACKGROUND**

This is a negligence, assault and battery, dram shop, and premises liability suit brought under Texas law. On January 6, 2010, this court signed an order granting Defendants Joe and

Cathey Weaver's motion for summary judgment, which dismissed Plaintiff's negligent entrustment claims against Joe and Cathey Weaver. Still pending before the court are Plaintiff's assault and battery and negligence claims against Judson Weaver and Plaintiff's dram shop and premises liability claims against Vikram Cheema, Harjeet Singh, U.S. Cheema, Inc., 128 Texas, LLC, and 1495JG, Inc. Now, Plaintiff seeks the entry of final judgment under Rule 54(b) on his claims against Joe and Cathey Weaver and a stay on the remainder of the case pending interlocutory appeal of the negligent entrustment summary judgment. Although Defendants do not join in Plaintiff's depiction of the events underlying the litigation, they are unopposed to the relief sought.

## II. DISCUSSION & ANALYSIS

Rule 54(b) permits a court to enter a final judgment as to less than all the claims or parties to an action, if the ends of justice so require. 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2656 (3d ed. 1998). Rule 54(b) provides in relevant part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). Therefore, before certifying an otherwise non-final judgment for appeal, a district court must make two independent findings. First, the court must determine that the judgment is "final" – "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Second, the court must find that there is no just reason for delay. *Id.* at 8.

A district court's finding that an order is a final judgment that disposes of one or more claims or parties is reviewed de novo. *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740(5th Cir. 2000). "When some of the same facts form the basis for several claims, the existence of separate claims for purposes of Rule 54(b) depends on an analysis of their distinctness." *Tubos de Acero de Mexico v. Am. Int'l Inves. Corp.*, 292 F.3d 471, 485 (5th Cir. 2002). Therefore,

> [w]hen a complaint alleges mere variations in legal theory which are pleaded in the alternative or give rise to a single liability, true multiplicity is not present and Rule 54(b) cannot be employed to appeal a lower court judgment on one of the claims. In contrast, when the facts give rise to more than one legal right or cause of action, and the other two grounds of recovery are not mutually exclusive, there are multiple claims which can be separately appealed upon certification under Rule 54(b).

*H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175–76 (5th Cir. 1988) (citations omitted).

A district court's determination that there is "no just reason for delay," on the other hand, "is left to the sound judicial discretion of the district court." *Curtiss-Wright Corp.*, 446 U.S. at 8. Even so, Rule 54(b) certification should not be granted routinely or as a courtesy to counsel, because "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* Instead, Rule 54(b) "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoiding piecemeal appeals." *Eldredge*, 207 F.3d at 740 (quotations omitted). "Proper consideration of these concerns requires the district court to act as a dispatcher, and to weigh a variety of factors to determine whether its disposition is appropriate for Rule 54(b) certification." *Briargrove Shopping Ctr. Joint Venture*

*v. Pilgrim Enters., Inc.*, 170 F.3d 536, 540 (5th Cir. 1999) (quotations omitted). Among the factors a court may consider are:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003). Ultimately, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. District*, 81 F.3d 1412, 1421 (5th Cir. 1996).

The present case involves multiple claims and multiple parties. This court's order granting Defendants Joe and Cathey Weaver's motions for summary judgment is a final judgment because it is the ultimate disposition of Plaintiff's negligent entrustment claims. Although there is some overlap among the facts supporting Plaintiff's negligence claim against Judson Weaver and his negligent entrustment claims against Joe and Cathey Weaver, the grounds of recovery are not so related that they may be considered mutually exclusive and, therefore, they may be appealed separately upon certification under Rule 54(b). *See H & W Indus., Inc.*, 860 F.2d at 175–76.

As to the second element of Rule 54(b) certification, however, the court can find no hardship or injustice that can be alleviated only by immediate appeal. To the contrary there are

several factors that weigh against certification. First, the relationship between Plaintiff's negligence and negligent entrustment claim and the possibility that review may be mooted by future developments in the district court weigh heavily against certification. Because Plaintiff's negligent entrustment claim is dependant on a jury finding Judson Weaver acted negligently, it is possible that the need for review of this court's order granting summary judgment on Plaintiff's negligent entrustment claims could be mooted. Although certification for immediate appeal may accommodate Plaintiff's desire to proceed in a single trial, it could also result in the unnecessary use of judicial resources on a mooted claim. In addition, Plaintiff has not advanced any argument that suggests great hardship or injustice would result from a delayed appeal.[1] There are no set-off considerations, nor is there any indication that immediate appeal would protect economic or solvency interests or shorten the length of trial. In light of the possibility of judicial review of mooted claims and the absence of any other factors weighing heavily in favor of immediate appeal, the court finds Rule 54(b) certification should be denied.

### III. CONCLUSION

In balancing the needs of the parties against this court's interest in efficient case management, the court finds that the balance weighs against Rule 54(b) certification. Accordingly, Plaintiff's motion is **DENIED**.

**SIGNED this the 30th day of September, 2010.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] In his motion, Plaintiff does note that his "presentation of evidence at a trial without the negligent-entrustment claims would significantly differ from his presentation of evidence in a trial with those claims." (Dkt. 141 at 8.) This, however, does not create a great hardship or injustice that outweighs the inefficiency of appellate review of potentially mooted claims.